STATE OF MISSOURI EX REL., H. O. STAPLES, RELATOR, v. HON. PAUL VAN OSDOL, JUDGE OF THE CIRCUIT COURT OF LINN COUNTY, MO., RESPONDENT.—121 S. W. (2d) 165.

Kansas City Court of Appeals. November 7, 1938.

*H. K. West* for relator.

*C. B. Burns* for respondent.

SHAIN, P. J.—This is a proceeding in prohibition commenced in the Kansas City Court of Appeals on the — day of June, 1938, by the filing, therein, of relator's application. Preliminary rule was followed by the return of the respondent.

The relator's brief sets out in detail the facts upon which relief is sought. They are as follows: On the 24th day of February, 1938, International Harvester Company filed an action in replevin against H. O. Staples. The petition was in usual form, and verified, except that there was no allegation of the value of the property. At

the same time, bond in the usual form was filed, a writ was issued by the circuit clerk and a summons was issued, returned to the "second Monday in June.". Service was had in the usual manner and the property described in the writ and in the petition was taken into possession by the Sheriff and delivered to plaintiff. Defendant filed a motion for return of the property to him based upon the failure of the pleadings to allege value.

This motion was presented to the court in vacation. Before a ruling was made on the motion, the plaintiff caused the sheriff to return the property in question to defendant. This was on the — day of March, 1938. Thereafter, on the 21st day of March, the plaintiff filed a document with the circuit clerk which is and was in words and figures as follows, to-wit:

"State of Missouri, County of Linn, ss.

"In the Circuit Court of Linn County, Missouri, at the City of Linneus. June Term, 1938. International Harvester Co., Plaintiff, vs. H. O. Staples, Defendant.

"Comes now the plaintiff in the above entitled cause and states on oath that plaintiff is entitled to the possession of one (1) International motor truck, Model D-30, chasis No. 13312, engine No. 14036 of the value of seven hundred and thirty-eight dollars ($738.00); that the same is wrongfully detained by the defendant at the County of Linn aforesaid; that the same has not been seized under any process, execution, or attachment against the property of the plaintiff; that the said property has been injured by H. O. Staples, and that for the taking and detention of said property and for all injuries thereto the plaintiff is damaged fifty dollars ($50.00).

"Plaintiff further states that he will be in grave danger of losing the said above described property unless it be taken out of the possession of the defendant.

"Wherefore, plaintiff prays judgment for the recovery of said property and fifty dollars ($50.00) damages for the taking and detention thereof and for all injuries thereto.

"International Harvester Co.,
"Plaintiff."

"State of Missouri, County of Linn, ss.

"C. B. Burns, agent and attorney of International Harvester Company, being duly sworn makes oath and says that to the best of his knowledge and belief the facts and allegations and statements contained in the above and foregoing are just and true according to his best knowledge, information and belief.

"C. B. Burns,
"Agent and Attorney for International Harvester Co."

"Subscribed and sworn to before me this 21st day of March, 1938.
(Seal)                                    "Ruth Bogart,
"Clerk, Circuit Court."

On the same day plaintiff filed another bond in replevin, a new writ and a new summons were issued by the clerk and served by the sheriff. The second summons, issued on the 21st day of March, 1938, was returnable to the first Monday in June. There was no order of court directing the filing of new pleading or issuance of new process.

At the June Term, 1938, defendant moved to quash the summons and writ of replevin issued on March 21, 1938, because a previous summons and writ had been issued on February 24, 1938. The court quashed summons but declined to quash the writ. Thereafter, defendant moved to strike from the files the document hereinbefore set out filed March 21, 1938, alleging that said document was the second petition, filed without leave of court, and had no standing as a pleading. The court overruled this motion. Thereafter, the defendant filed a ''Plea in Abatement'' praying that proceedings under the first petition be abated because of the filing of the second petition. The plea in abatement was overruled; the judge of the court, respondent herein, declaring that the case should proceed to trial at the June Term, 1938, of said court on the first petition. With the record in this State, the relator petitioned this the Honorable Kansas City Court of Appeals for its writ of prohibition.

The relator in his brief makes admission that but two questions are presented for decision, to-wit:

1. Could the case be set for trial and forced to trial June Term, 1938?

2. Is the document herein above referred to and set forth a petition or an affidavit?

Honorable Paul Van Osdol, Judge of the Circuit Court of Linn County, Missouri, the respondent herein, made return to preliminary rule issued by Honorable Hopkins B. Shain, Presiding Judge of this court on June 13, 1938.

Respondent's return is as follows, to-wit:

''Comes now Paul Van Osdol, respondent herein, and makes return to the preliminary rule in prohibition in this cause and admits that he is Judge of the Twelfth Judicial Court of Missouri and Ex-officio Judge of the Linn County Circuit Court, and was on or about the time of the application for the preliminary rule herein about to cause the trial of a certain cause pending in the Linn County Circuit Court and styled the International Harvester Company, vs. Staples.

''Respondent further states that his attention was never called to the defect in the process issued out of the office of the Circuit Clerk of Linn County, Missouri, on the 24th day of February, 1938, until the time of the service of the notice of the application herein and that counsel for relator never during the history of said cause filed any motion or plea directing the attention of respondent to such defect nor did counsel for relator refer to such fact in oral argument.

"Respondent confesses that with such defect of process that the cause of International Harvester Company vs. Staples ought not to be tried until proper process is issued and served on the defendant.

"But the respondent respectfully urges this court to consider the questions which respondent understood to be involved and upon which respondent has caused the Linn County Circuit Court to act in the premises:

"That on the — day of March, 1938, counsel for the plaintiff in the cause of International Harvester Company vs. H. O. Staples filed a document in the Linn County Circuit Court, and addressed to the Linneus Division thereof, which document is in words and figures as follows, to-wit:"

Thereafter, in said return is included the same document as is referred to and set forth in full in the statement above. Said return concludes as follows, to-wit:

"Your respondent states that while said document may be and perhaps is sufficient as a petition in an action in replevin yet the document is also sufficient in the judgment of respondent as an affidavit in replevin, which your respondent understands may be filed in an action of replevin at any time before judgment. No leave of court having been had to amend the original petition, filed February 24, 1938, your respondent considers such document to be an affidavit in replevin and disregards the allegations in such affidavit as were not necessary as surplusage and as such affidavit in replevin respondent considers it ancillary to the action brought February 24, 1938.

"Wherefore, your respondent respectfully submits to such order as this court may make in the premises as will guide this respondent in any further action in such cause.

"Respectfully submitted,
"Paul Van Osdol, Respondent."

OPINION.

As to the question, as to whether or not the replevin suit in question was triable at the June term, 1938, we conclude that under the law and the facts said cause was not triable at the said term. However, as no trial was had at said term, said term having now passed, the question is moot.

As to the question as to whether or not the document, *supra,* filed at June term, 1938, is a petition or an affidavit, we conclude that the same constitutes a duly verified petition in replevin and as such confers jurisdiction upon the circuit court to proceed with the trial of the cause of action plead in said petition upon proper services being duly had and directed to the term when returnable.

A full copy of the record of the proceedings involved is filed in this court and is shown as verified by the attest of the clerk of the court.

. From a study of the record and respondent's return, we conclude that much difficulty and delay could have been avoided if relator, before making application to this court for a writ, had more fully advised the respondent of the facts of which complaint is made. However, these matters are now before us for determination and we conclude that the question of whether or not, under the facts as shown, the circuit court has jurisdiction to proceed and hear and determine upon the original petition filed February 24, 1938, presents an issue for our consideration.

We conclude that the petition filed in February, 1938, states a cause of action of which the circuit court of Linn County, Missouri, had jurisdiction. Failure or defect of affidavit that is required to entitle the plaintiff to recover possession before trial is in no wise jurisdictional. However, acts of taking the property and giving bond without the proper affidavit was, of course, wrongful.

It is evident from the showing before us that the plaintiff in the replevin suit recognized the error and returned the property to the defendant in the suit.

The plaintiff, thereafter, had the right to supply the proper affidavit to his petition and, thereafter, had issuance of summons and writ.

Instead of following the above course, the plaintiff in vacation filed the petition of March 21, 1938, *supra,* and filed a replevin bond, and secured process of summons and issuance of writ, and delivery of property in issue by virtue of said filing and process.

As the filing of said petition was in vacation and no consent to amend the former petition was asked or had, we conclude that the plaintiff, by filing of petition and bond on March 21, 1938, and having process thereunder, abandoned the action filed in February, 1938, and that, therefore, the respondent herein has not jurisdiction to proceed to try issues under said abandoned suit. In other words, we conclude that such jurisdiction as respondent has in the matter is under and by virtue of the petition filed March 21, 1938.

The preliminary rule heretofore issued in this cause is made permanent. All concur.